UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN LAPPE,<br>FIONA LAPPE,<br><br>*Plaintiffs,*<br><br>v.<br><br>AMERICAN ECONOMY<br>INSURANCE COMPANY<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 3:23-cv-1098<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT AMERICAN ECONOMY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and Rule 81.1 of the Local Civil Rules of the United States District Court for the Northern District of Texas, American Economy Insurance Company ("AEIC") files this Notice of Removal and respectfully shows:

## I.
### REMOVAL IS PROPER

1. This is a civil action subject to the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 and subject to removal to this Court pursuant to 28 U.S.C. § 1441 because it is an action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2. On April 11, 2023, Plaintiffs John Lappe and Fiona Lappe ("Plaintiffs") filed this action against AEIC, styled *John Lappe, Fiona Lappe, v. American Economy Insurance Company*, Cause No. DC-23-04670 in the 160th Judicial District Court of Dallas County, Texas. (Plaintiff's Original Pet., Ex. A, Tab 2). Plaintiffs served AEIC on April 18, 2023.

**A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

3. Plaintiffs are individuals domiciled in Dallas County, Texas, and are citizens of

Texas.

4. AEIC is a corporation organized under the laws of Indiana with its principal place of business located in Boston, Massachusetts. A corporation is a citizen of the state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Therefore, for diversity purposes, AEIC is a citizen of both Indiana and Massachusetts. Thus, complete diversity exists.

**B.    THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

5. Plaintiffs' pleading asserts that they seek "monetary relief over $250,000 but not more than $1,000,000." (Plaintiff's Original Pet., Ex. A, Tab 2, ¶ 9.1). In a February 9, 2023 Texas Insurance Code Section 542A Notice/Texas Deceptive Trade Practices Act (DTPA) & Insurance Code Demand (the "Demand"), Plaintiffs additionally assert a total demand amount of $336,303.58, which included claimed actual damages of $111,547.86. (Plaintiffs' Demand, Ex. B, p. 5). Plaintiffs also seek to recover the following damages: (1) the costs to repair their home; (2) incurred investigative and engineering fees; (3) court costs; (4) attorney's fees; (5) the entire amount of their claim with annual interest pursuant to Chapter 542 of the Tex. Ins. Code and the Tex. Fin. Code Ann. § 304.003; (6) three times actual damages pursuant to Tex. Ins. Code § 541.152 and Tex. Bus. & Com. Code 17.50(b)(1); and (7) exemplary damages. (Plaintiff's Original Pet., Ex. A, Tab 2 at ¶¶ 9.1-9.4). Treble damages and attorneys' fees are included within the amount in controversy when a plaintiff is permitted to recover those damages and fees under applicable law. *See Quality Labels & Packaging, Inc. v. Wells Fargo Bank, N.A.*, No. 1:19CV210, 2019 U.S. Dist. LEXIS 113424, at *7 (M.D.N.C. July 9, 2019); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). Although AEIC disputes liability and damages, it is evident from the pleading that Plaintiffs allege claims for monetary relief that, if granted, would exceed $75,000.00, exclusive of interest and costs

Therefore, the amount in controversy requirement is satisfied. *See* 28 U.S.C. ¶ 1332 (a).

C. **REMOVAL IS TIMELY AND ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED**

6. The action was filed in state court on April 11, 2023, and AEIC was served with process on April 18, 2023. This Notice of Removal is, therefore, timely filed within thirty days of service of Plaintiffs' pleading on AEIC. *See* 28 U.S.C. § 1446(b).

7. In accordance with 28 U.S.C. § 1446(a) and L.R. 81.1, the following are attached to this notice: (1) An index of all documents filed in the state court that clearly identifies each document and indicates the date the document was filed (See Exhibit A); (2) a completed civil cover sheet; (3) a completed supplemental civil cover sheet; (4) a copy of the docket sheet in the state court action; (5) each document filed in the state court action filed as a separate attachment; and, (6) a separately signed certificate of interested persons.

8. Contemporaneously with the filing of this Notice of Removal, AEIC is giving written notice of the removal to Plaintiffs through their attorneys of record and to the clerk of the state court.

9. Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removal is proper to this District pursuant to 28 U.S.C. § 1441(a) because this District and Division embrace the place in which the state court action is pending.

## II.
## CONCLUSION

WHEREFORE, AEIC respectfully requests that this action now pending in the 160th District Court of Dallas County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division. AEIC further requests that this Court grant it any such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Kieran W. Leary*
Kieran W. Leary
State Bar No. 24108517
kieranl@tbmmlaw.com
Orlando Vera, Jr.
State Bar No. 24100018
orlandov@tbmmlaw.com
TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
(214) 665-0100
(214) 665-0199 (fax)
**ATTORNEY FOR DEFENDANT
AMERICAN ECONOMY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

On May 12, 2023, a true copy of the foregoing was served on the following counsel of record pursuant to the Federal Rules of Civil Procedure:

Jesse S. Corona
Texas Bar No. 24082184
12807 Haynes Road, Bldg. E
Houston, Texas 77066
Email: Jesse@theCoronaLawfirm.com

*/s/ Kieran W. Leary*
Kieran W. Leary